UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
Dionicio Hernandez, *on behalf of himself and others similarly situated in the proposed FLSA Collective Action*,

                                *Plaintiff*,

    -*against*-

Il Commendatore Restaurant, Inc., and Adele Gallo,

                                *Defendants*.
---------------------------------------------------------------X

Case No.: 22-CV-06038

**FED.R.CIV.P. 68 JUDGMENT**

      WHEREAS pursuant Rule 68 of the Federal Rules of Civil Procedure, Defendants Il Commendatore Restaurant, Inc., and Adele Gallo (collectively, the "Defendants"), having offered to allow Plaintiff Dionicio Hernandez ("Plaintiff") to take a judgment against the Defendants in this action for the total sum of Seventy Thousand Dollars and Zero Cents ($70,000.00), payable as follows:

1. A payment in the amount of Seventy Thousand Dollars and Zero Cents ($70,000.00) payable twenty-one (21) days following the Court's Entry and Order of this Offer of Judgment.

      WHEREAS, in the event of Defendants' failure to make any payment when due as set forth above, Defendants shall be required to pay all costs and attorneys' fees incurred by Plaintiff in connection with any efforts to enforce any the Judgment in addition to the Judgment Amount, less any payments made by Defendants;

      ORDERED, ADJUDGED, AND DECREED, that Plaintiff has judgment in the amount of $70,000.00 as against Defendants.

      IT IS FURTHER ORDERED, ADJUDGED, AND DECREED, that this action is hereby dismissed with prejudice as against Defendants.

Dated: April 5, 2023
      New York, New York

SO ORDERED:

*[Signature: Vernon Broderick]*

In 2019, the Second Circuit determined that "judicial approval is not required of Rule 68(a) offers of judgment settling FLSA claims." *Mei Xing Yu v. Hasaki Rest., Inc.*, 944 F.3d 395, 414 (2d Cir. 2019). In light of this unqualified language, I find that *Mei Xing Yu* compels me to enter judgment in accordance with the parties' Rule 68 offer and acceptance of judgment, despite the apparent contradiction that creates with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). Without any information about how much Plaintiffs' attorneys' fees are or what percentage of the total settlement they amount to, it is impossible for me to ascertain whether the attorneys' fees are reasonable. Further, because the agreement and proposed judgment contains no information regarding any waivers or releases Plaintiffs have agreed to, it is impossible for me to judge whether there are overbroad release provisions or waivers that would cause me to reject a FLSA settlement under a typical *Cheeks* approval process. Notwithstanding my concerns regarding the use of Rule 68 to circumvent judicial scrutiny of FLSA settlements, Second Circuit precedent requires me to enter the offer of judgment. The Clerk of the Court is respectfully directed to close the case.